UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW C. BROWN and VALERIE BROWN, | No. C 09-5705 MHP |
| Plaintiffs, | **MEMORANDUM & ORDER** |
| v. | **Re: Defendants' Motion to Dismiss** |
| OPTION ONE MORTGAGE CORPORATION, et al., | |
| Defendants. | |

The Browns ("plaintiffs") filed the instant action in the Superior Court of California for San Mateo County on September 29, 2009. Plaintiffs seem to be claiming that various federal and state laws were violated when they took out a home mortgage loan in May 2006. On December 3, 2009, Option One Mortgage Corporation ("Option One") removed the action to this court. Option One and the remaining defendants, each separately move to dismiss plaintiffs' complaint. Docket No. 1, Exh. A (Complaint). Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

On May 19, 2006, plaintiffs obtained a home mortgage by borrowing $529,000 from Option One. *Id.*, ¶¶ 11-13; Docket No. 14 (Request for Judicial Notice ("RJN")), Exh. 1 (Deed of Trust). Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is the mortgage servicer of the loan. Defendant Sandhill Financial acted as the mortgage broker.

The loan at issue was secured by real property located at 4000 Farm Hill Boulevard, Apartment number 112, Redwood City, California 94061.  Complaint, ¶ 3.  A notice of default on this loan was recorded on April 24, 2009, and a substitution of trustee was recorded on August 3, 2009.  RJN, Exhs. 2 & 3.  A notice of sale was recorded on August 3, 2009.  *Id.*, Exh. 4. The next month—over three years after the origination of the loan—plaintiffs filed suit.  Although plaintiffs vacated the apartment in August 2009, the trustee sale has yet to occur.

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant.  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950.

"[A]llegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  "[A] court may take judicial

notice of 'matters of public record,' " *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1363 (3d. ed. 2004).

DISCUSSION

Plaintiffs' causes of action for both Fraud and Constructive Fraud (first and second causes of action) are not pled with particularity. The complaint contains conclusory allegations regarding the collective defendants' conduct, and fails to identify who made fraudulent statements, when such statements were made, and how such statements were fraudulent. The allegations listed under the cause of action for constructive fraud refer not to fraud, but to breach of the broker's fiduciary duty. In their opposition, not only do plaintiffs fail to point to particular facts in their complaint that demonstrate fraud, they make no attempt to demonstrate how they can cure these deficiencies. This requires dismissal. *See* Fed. R. Civ. P. 9(b). These same deficiencies doom plaintiffs' seventeenth cause of action for a violation of California Civil Code section 1572, the statute that defines "actual fraud." Since no specific factual allegations were made, plaintiffs are also unable to demonstrate that "the facts constituting the fraud or mistake" were discovered within the three-year limitation period. Cal. Code Civ. Proc. § 338(d).

The alleged violation of the Real Estate Settlement Procedures Act ("RESPA") (third cause of action) has a one-year statute of limitations for violations of section 2607 regarding kickbacks. 12 U.S.C. § 2614. Thus, this claim is time barred. Moreover, plaintiffs also fail to allege when any

3

prohibited kickback was given, who gave it, and who received it. Plaintiffs do not demonstrate how they can cure these deficiencies. The entirety of their opposition is their self-serving conclusion that the claim is sufficiently alleged. Docket No. 32 (Opposition) at 16:1-4. Under *Iqbal*, plaintiffs' allegations are insufficient to state a valid cause of action.

The alleged violation of the broker's Breach of the Duty to Disclose (fourth cause of action) fails to meet pleading standards under Rule 8. Plaintiffs do not plead facts showing how the broker failed to disclose material terms or what was the allegedly concealed "true APR" of the loan. Indeed, no "material terms" are specified and plaintiffs simply fail in their opposition to mount any defense regarding defendants' motions to dismiss this cause of action. Moreover, the breach of fiduciary duty has a three-year statute of limitations when based on fraud. *City of Vista v. Robert Thomas Securities, Inc.*, 84 Cal. App. 4th 882, 889 (2000). Since plaintiffs make no specific factual allegations, they are unable to allege that any of the facts regarding the alleged fraud were discovered during the three-year limitation period.

The alleged violation of the Consumer Legal Remedies Act ("CLRA") (fifth cause of action) has a three-year statute of limitations. Cal. Civ. Code § 1783. This cause of action is time barred. Moreover, the "formulaic recitation of the elements of a cause of action" in a complaint, as is the case here, does not survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. Plaintiffs have simply listed the provisions of the allegedly violated statute. Complaint, ¶ 100.

The alleged violation of the Truth in Lending Act ("TILA") (sixth cause of action) has a one-year statute of limitations. 15 U.S.C. § 1640(e). This cause of action is time barred.

The alleged violation of Business and Professions Code sections 17500 (seventh cause of action) has a three-year statute of limitations when the violation is based on statutory violations. Cal. Code Civ. Proc. § 338(a). This cause of action is time barred. Moreover, other than a passing allegation that the advertising was "continuing," the complaint provides no facts regarding the alleged advertising during the three years prior to the filing of the complaint. This conclusory allegation fails to meet pleading requirements. *Twombly*, 550 U.S. at 570.

4

For the alleged violation of Business and Professions Code section 17200 (eighth cause of action), the three-year statute of limitations for section 17500 is applied because the complaint refers solely to the advertising specified in the 17500 claim. *See Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 786 (1979) (statute of limitations that applies is governed by the gravamen of the complaint, not the cause of action pled). In their opposition, instead of pointing out facts pled in the complaint, plaintiffs simply refer to large sections of their complaint, none of which substantiate either cause of action.

During oral argument, plaintiffs' counsel abandoned the improper advertising theory. Instead, he argued that leave to amend should be granted because the Browns were misled into the mortgage and sought restitution of their closing costs. As defendants point out, claims predicated on TILA or RESPA violations may be preempted. It is unclear whether a section 17200 violation can lead to vicarious liability. The court has reservations regarding plaintiffs' ability to properly plead a section 17200 claim, especially regarding damages. Nonetheless, in an abundance of caution, plaintiffs are granted leave to amend their section 17200 claim. If plaintiffs choose to file an amended complaint, they are to specifically detail the wrongful conduct. Plaintiffs are also reminded to comply with the requirements of Federal Rule of Civil Procedure Rule 11.

Plaintiffs' claim for Unfair Debt Collection Practices (ninth cause of action) is simply a recitation of certain statutes, with no factual allegations to support their claim. Complaint, ¶ 122. Plaintiffs claim that the following statutes were violated: California Civil code section 1788, 15 U.S.C. sections 1692 *et seq.*, and the RESPA. Plaintiffs do not identify which provisions of these statutes have been violated. AHMSI should not be required to guess as to the manner in which their conduct allegedly violated these statutes. The complete failure to allege facts that AHMSI committed any wrongdoing in connection with the purported collection of debt dooms this cause of action. Moreover, AHMSI's activities in foreclosing a mortgage loan are not debt collection practices. *Gamboa v. Trustee Corps.*, No. 09-0007 SC, 2009 WL 656285, at *4 (N.D. Cal. March 4, 2009) (Conti, J.).

5

The claims of Intentional and Negligent Infliction of Emotional Distress (eleventh and twelfth causes of action) have a two-year statute of limitations. Cal. Code Civ. Proc. § 335.1. This cause of action is time barred for events surrounding the mortgage origination. Moreover, no intentional or negligent infliction of emotional distress claims can be premised upon receipt of the notice of default or trustee sale—a foreseeable result of a failure to remit mortgage payments—where no facts regarding the defendants' egregious actions or duty are pled. *See Twombly*, 550 U.S. at 570. Plaintiffs' claim for Negligence per se (fifteenth cause of action), with a two-year statute of limitations, fails for the same reasons. Cal. Code Civ. Proc. § 335.1.

The alleged violation of California Civil Code § 1788.17 (sixteenth cause of action) has a three-year statute of limitations when liability is based upon violation of a statute. *Id.* § 338(a). This cause of action is time barred.

Finally, the remaining claims—causes of action for declaratory relief, rescission and injunctive relief—are not independent claims here, but potential remedies. Since plaintiffs have not properly pled any predicate causes of action, these claims are dismissed.

Plaintiffs do not dispute that many of their seventeen causes of action are barred by the statute of limitations. Instead, they claim that limitation period should be equitably tolled because plaintiffs "did not know the true terms of their loan until they hired counsel, who is both a Broker and an Attorney and has an MBA with [sic] heavy concentration in finance." Opposition at 9:22-25. Apparently arguing that they need not have diligently sought to discover the fraud, plaintiffs claim the wrongs were concealed by defendants' "own wrongdoings." *Id.* at 9:26-29.

The doctrine of equitable tolling extends the statutory period only where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (holding that "it was an abuse of discretion to apply the equitable tolling doctrine" where plaintiff knew or should have known about the possible existence of a claim). Equitable tolling "focuses on whether there was excusable delay by the plaintiff," and "does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing." *Id.* Plaintiffs fail to specify what they did not know at the time of the loan

6

origination, what they found out upon hiring counsel, and when they found out they had been allegedly wronged. Tolling the limitation period based on plaintiffs' conclusory representation that they "did not know" would effectively eliminate all statutes of limitations since every potential plaintiff could state that they did not know they had been wronged. Plaintiffs' statement regarding defendants' wrongdoings, which allegedly caused the excusable delay, is also insufficient. They do not explain what efforts they took to satisfy the reasonable diligence requirement for equitable tolling. Again, accepting plaintiffs' argument would effectively eliminate all statutes of limitations. In sum, plaintiffs do not show the time and manner of discovery nor their inability to have made the discovery earlier despite reasonable diligence. They have provided no compelling reason, nor any authority, to support tolling. Consequently, all claims barred by the applicable statutes of limitations are dismissed with prejudice.

Plaintiffs claim that they can amend their complaint to allege further specificity. The complaint, with all of its generalized and boilerplate allegations, does not plead any facts sufficient to state a claim under any of its 17 theories of liability. If plaintiffs had such facts, those facts would have been pled in the complaint or identified in their oppositions. Leave to amend is not automatic whenever a plaintiff loses a Rule 12 motion. To justify the request to amend, plaintiffs must explain what they can add to the complaint to overcome the fatal obstacles that exist. Otherwise, granting leave to amend amounts to a pure delay in the final disposition of the case. *In re Daou Systems*, 411 F.3d 1006, 1013 (9th Cir. 2005) (complaint may be dismissed with prejudice if it is clear that it cannot be saved by amendment); *Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996) ("Dismissing a complaint without leave to amend is appropriate when granting leave would serve no purpose because the acts complained of cannot constitute a claim for relief."); *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (dismissal with prejudice is proper if amendment "would be futile in saving the plaintiff's case"). Here, plaintiffs have not identified any facts or claims they could plead in an amended complaint to overcome the noted fatal defects. With the exception of the section 17200 cause of action, plaintiffs' request for leave to amend is denied.

This action, which is the hallmark of a typical stalling action, is dismissed in its entirety. Within the last six months, plaintiffs' counsel has been listed as the counsel of record in eighteen separate actions in this district that appear to be virtually identical. Indeed, Magistrate Judge James Larson in the Northern District of California recently dismissed a similar complaint that contains many of the causes of action asserted in this action. *Guerrero v. Greenpoint Mortgage Funding, Inc.*, No C 09-4211 JL, Docket No. 29 (Order of November 19, 2009). This court incorporates by reference the reasoning stated in Judge Larson's order. Further attempts by plaintiffs' counsel to prosecute frivolous actions may be met with sanctions or an order for the payment of attorneys' fees or both.

CONCLUSION

Defendants' motion to dismiss the complaint is GRANTED. By April 28, 2010, plaintiffs may amend their complaint to claim a violation of Business and Professions Code section 17200. All other claims in the complaint are dismissed with prejudice.

IT IS SO ORDERED.

Dated: March 31, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

8